**Edythe D. MILLER, Plaintiff,**

v.

**Elliot RICHARDSON, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 70–476.**

United States District Court,
W. D. Pennsylvania.

Dec. 28, 1970.

Morris A. Mendlowitz, Neighborhood Legal Services Assn., McKeesport, Pa., Tom M. Lytton, Neighborhood Legal Services, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

OPINION

GOURLEY, District Judge:

This action is brought by plaintiff under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for widow's insurance benefits under Title II of the Social Security Act on the ground that plaintiff failed to establish the death of her husband. The final decision of the Secre-

tary in this case is a decision rendered by a hearing examiner on December 5, 1969 which became the final decision of the Secretary when the Appeals Council denied plaintiff's request for review on March 9, 1970.

Under the Social Security Regulations, an applicant for benefits may establish the death of a wage earner in two ways. 20 C.F.R. § 404.704 provides for the introduction of direct evidence of death such as a public record of death or the statements of persons having personal knowledge of the same. 20 C.F.R. § 404.705 enables an applicant to raise a presumption of death and provides:

"Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lumpsum death payment under section 202 of the act, and such individual has been unexplainedly absent from his residence and unheard of for a period of seven years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died."

It was the finding of the hearing examiner that plaintiff failed to introduce direct evidence of death and that the presumption of death provided by 20 C.F.R. § 404.705 did not apply, since the absence of appellee's husband for more than seven years was not unexplained.

The facts relating to the disappearance are not disputed. Plaintiff and the wage earner were married on December 21, 1935. Children were born of the marriage, and plaintiff and the wage earner lived together for more than twenty years. On May 17, 1957, the wage earner left home without any prior explanation. Plaintiff and her children returned home from church and found him gone. He had taken all of his clothing, his wife's new skillet, her coat, and the family automobile. The wage earner was forty-nine or fifty years of age at the time and was in good health. A few days after the wage earner left, he called the family home to report that he

was on his way to California to visit one of their sons and to establish a new home for the family. He never contacted the son living in California nor has he contacted plaintiff or their children since that time.

Plaintiff testified before the Hearing Examiner that she had heard that her husband had run off with another woman named Dorothy McDonald, who lived about twenty miles away. She stated she had been told that her husband had been dating this woman, who also was married. In an Affidavit, the husband of Dorothy McDonald stated that his wife disappeared on or about May 14, 1957 and has not been heard from since.

Both plaintiff and the husband of Dorothy McDonald have made efforts to locate their spouses. Plaintiff had a warrant issued for her husband, but it has never been served because he could not be found. She registered his name with the Missing Persons Bureau but the Bureau found nothing. The Department of Welfare also has conducted a search through Social Security numbers and accounts to no avail. Mr. McDonald has attempted to trace the license number of the wage earner's vehicle through the records of the highway departments of most of the States of the Union but has found nothing.

After plaintiff's Social Security claim was denied initially and on reconsideration by the Bureau of Retirement and Survivors Insurance and before the hearing examiner conducted the hearing, plaintiff sought a determination in the Orphans' Court of Allegheny County, Pennsylvania, that her husband presumptively was dead. The Opinion of the Orphans' Court was offered as an exhibit at the hearing. The Opinion reads in part as follows:

"In other testimony, Mrs. Miller revealed that the presumed decedent's sister called and related to her that he was going on double dates with her and another woman. Her testimony further revealed that on the date after his alleged disappearance, to-wit, May 18, 1957, the husband of the other

woman called her, relating to her that the presumed decedent had been dating his wife, and that she had disappeared also. Her testimony further revealed that she reported this to the police and Missing Persons Bureau without success, and to this date has neither seen nor heard from the presumed decedent."

On the basis of the aforequoted and other factual findings, the Orphans' Court concluded that the wage earner's absence was not unexplained and denied the relief requested by plaintiff.

Pertaining to the scope of judicial review, Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), provides in relevant part:

"Any individual, after any final decision of the Secretary * * * may obtain a review of such decision by a civil action * * *. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

Under this Section, the Court is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957).

The matter of the presumption of death and the scope of judicial review of the Secretary's determination with reference to it were considered in Gardner v. Wilcox, 370 F.2d 492 (9th Cir. 1966) and Secretary of Health, Education and Welfare v. Meza, 368 F.2d 389 (9th Cir. 1966). It was held in those cases that when the facts show that a person has been absent from his residence and unheard of for a period of seven years, a presumption arises that he is dead. The burden of explanation then shifts to the Secretary, and the presumption can be dissipated "by proof of facts that rationally explain the anomaly of the disappearance in a manner consistent with continued life."

 In the instant case, I believe there is substantial evidence in the record to support a finding that the wage earner's absence was explained in a manner consistent with continued life. Plaintiff testified she had been told that the wage earner had been dating Dorothy McDonald before his disappearance and that he had run off with her. That the testimony is hearsay does not preclude the hearing examiner from considering it. Staskel v. Gardner, 274 F. Supp. 861 (D.C.1967). With plaintiff's contention that this explanation of the wage earner's absence was mere rumor, I cannot agree. Plaintiff testified at the Orphans' Court hearing that the wage earner's sister had personal knowledge of the dating relationship because she had "double-dated" with the wage earner and Dorothy McDonald. Plaintiff also testified at the Orphans' Court hearing that Dorothy McDonald's husband also told plaintiff of the dating relationship. This was corroborative testimony. While the opinion of the Orphans' Court is not binding on the hearing examiner, it is persuasive, and the factual findings of the Court properly could be considered by the hearing examiner. Also corroborative was the fact that the wage earner left home with his wife's coat, which strongly suggests that he had a female object of his attention at that time. These facts provided an explanation of the wage earner's disappearance.

In Gardner v. Wilcox, 370 F.2d 492 at 494 (9th Cir. 1966), the Court stated:

"Although the Secretary has come forward with an explanation it still remains for the hearing examiner to choose between the alternative probabilities of life or death in the light of all the known facts. The balancing of probabilities and likelihoods is his essential fact-finding function."

Here, the hearing examiner had to balance a number of factors. The wage earner's disappearance with a woman he had been dating certainly was consistent with continued life. The wage earner was forty-nine or fifty and in good health when he left. These facts tend to overcome any inference of accident, suicide or foul play which might reasonably

be drawn from a sudden and wholly unexplained absence.

To be considered in balance were the continued absence of the wage earner for thirteen years to the date of hearing, and the unsuccessful efforts of plaintiff and Mr. McDonald in attempting to locate the wage earner through the use of various governmental resources. That the wage earner has not contacted his family in thirteen years would be compelling were there no reason to suspect the waning of his family ties. But his running off with another woman places the strength of these ties in question. Also, it is more than a remote possibility that the wage earner and his paramour subsequently assumed false identities to facilitate their new relationship and to avoid obligations to their families. Such action on the part of the wage earner would account for the difficulties encountered in attempting to locate him.

The hearing examiner fairly considered all of these factors. The balancing of probabilities and likelihoods was his fact-finding function. There was substantial evidence to support his conclusion that the absence of the wage earner was explained in a manner consistent with continued life. Accordingly, the Motion for Summary Judgment must be granted in favor of the defendant. An appropriate order is entered.