**Edythe D. MILLER, Appellant,**

v.

**Elliott RICHARDSON, Secretary of Health, Education and Welfare.**

**No. 71-1294.**

United States Court of Appeals, Third Circuit.

Submitted Feb. 17, 1972.

Decided March 10, 1972.

Tom M. Lytton, Pittsburgh, Pa., for appellant.

Richard L. Thornburgh, U. S. Atty., David M. Curry, Pittsburgh, Pa., for appellee.

Before ADAMS, GIBBONS, and JAMES ROSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The sole issue on this appeal is whether, taking the record as a whole, there was substantial evidence to support the finding of the Department of Health, Education and Welfare (HEW) that Edythe D. Miller's husband could not be presumed dead.

Plaintiff-appellant, Edythe D. Miller, began a proceeding before HEW to collect widow's insurance benefits under 42 U.S.C. § 402(e). The hearing examiner denied her request, and his decision became final in 1970 when the Appeals Council denied Mrs. Miller's petition for

review. Suit was then commenced in the district court to review the decision of the hearing examiner under 42 U.S.C. § 405(g). The district court granted defendant's motion for summary judgment,[1] and Mrs. Miller appealed.

The facts developed at the proceeding before the hearing examiner showed that after twenty-two years of marriage, Mrs. Miller's husband permanently left the household on May 17, 1957. Aside from a telephone call received from him several days later, Mr. Miller has not been seen nor heard from since. Additional evidence showed that Mr. Miller had been going out with a Mrs. Mac-Donald, and had been on several "double dates" with this woman, together with his sister and a friend. Mrs. Miller heard that her husband had in fact gone off with Mrs. MacDonald, and indeed the evidence established that Mrs. MacDonald disappeared several days prior to Mr. Miller's departure.

Mrs. Miller reported her husband's disappearance to the police department and sought the aid of the Pennsylvania Department of Public Welfare to locate him. Mr. MacDonald attempted to locate his wife and Mr. Miller by tracing the license number of the automobile in which Mr. Miller drove off. All efforts to find Mr. Miller were unsuccessful. Mrs. Miller commenced a proceeding in the Orphans' Court of Allegheny County, Pennsylvania to have Mr. Miller declared a presumed decedent. In a decree issued March 25, 1969, the Orphans' Court denied the petition.

Based on the evidence, the hearing examiner found that Mr. Miller's disappearance was not unexplained, and that implicit in his departure was an intention to continue living. He therefore held that Mrs. Miller was not entitled to receive widow's benefits. The regulation governing the receipt of benefits by a widow when her husband has disappeared provides as follows:

"Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lump-sum death payment under section 202 of the act, and such individual has been unexplainedly absent from his residence and unheard of for a period of seven years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died." 20 C.F.R. § 404.705.

Our review of the hearing examiner's findings is limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776–778 (3d Cir. 1957). See Miracle v. Celebrezze, 351 F.2d 361, 382 (6th Cir. 1965); Braun v. Ribicoff, 292 F.2d 354 (3d Cir. 1961).

If Mr. Miller's absence were explained by the evidence adduced at the hearing, then we must uphold the hearing examiner's finding. Mr. Miller was understood to have been meeting Mrs. MacDonald and it was apparently known in the community that he left with her. The telephone call to his home several days after his departure does not indicate anything to the contrary. Mr. Miller merely stated that he had left his home and intended to begin a new life in California. Although no conclusive proof was offered to show that Mr. Miller had gone to California with Mrs. MacDonald, we are unable to state that the hearing examiner's finding was not supported by substantial evidence.

Accordingly, the district court properly granted the Secretary's motion for summary judgment based on the finding by the hearing examiner that Mr. Miller's disappearance was explained and that as of the date of his departure, Mr. Miller intended to continue living. The judgment of the district court will therefore be affirmed.

1. 321 F.Supp. 157 (1970).