Catherine M. BEUM, Plaintiff,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare of the United States of America and the United States of America, Defendants.

Civ. No. 74–82.

United States District Court,
W. D. Oklahoma,
Civil Division.

Sept. 26, 1974.

On Motion to Reconsider
Dec. 18, 1975.

Bryce L. Hodgden, Woodward, Okl., for plaintiff.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, District Judge.

Plaintiff is the wife of a wage earner who was at one time a participant in the Social Security program. It appears that the Plaintiff's husband abandoned her and her children in 1957 and has not been seen or heard of since 1964. Plaintiff filed applications for Mother's Insurance Benefits and for Child's Insurance Benefits which are provided for by sections 202(d) and 202(g) of the Social Security Act (Act) on January 26, 1971 (Tr. 75, 80). These applications were denied on March 15, 1971 (Tr. 85). Plaintiff then filed a request for reconsideration, March 23, 1971 (Tr. 86) and her application was again denied, April 14, 1971 (Tr. 87–89). Plaintiff's case was then considered by an Administrative Law Judge who denied her claim on August 24, 1971 (Tr. 119–127). On June 27, 1972 Plaintiff again filed application for Mother's and Child's Insurance Benefits (Tr. 133, 137). These applications were denied on September 19, 1972 (Tr. 141), reconsideration was requested on October 4, 1972 (Tr. 142), and upon reconsideration her request was again denied (Tr. 143). Plaintiff filed a request for rehearing which was denied by the Administrative Law Judge on May 14, 1973 (Tr. 16–19), on request for review, (Tr. 14), the Appeals Council remanded (Tr. 12) for a supplemental hearing to present additional evidence for the consideration of the Administrative Law Judge. The Administrative Law Judge then reviewed the entire record and denied Plaintiff's claim (Tr. 6–8). Plaintiff requested review of the decision of the Administrative Law Judge (Tr. 4) and on January 4, 1974 the Appeals Council affirmed the decision of the Administrative Law Judge (Tr. 3). Plaintiff then filed this action for judicial review.

Due to the following facts in evidence the interpretation and application of 20 C.F.R. 404.705, which relates to presumption of death, is the crux of this case. The evidence in the record shows that Plaintiff's husband left one morning in April, 1957, ostensibly to go to work, and Plaintiff has neither seen nor heard from him since then (Tr. 42, 44, 45, 57). Plaintiff's husband is known to have been alive in 1960 (Tr. 48) from his Social Security records. He visited his sister in Higgins, Texas twelve or thirteen years prior to May, 1972 (Tr. 47), and he called his step-mother one and one-half to two years after his father's death in 1962 (Tr. 115). Plaintiff's contention on appeal is that the Hearing Examiner has misapplied 20 C.F.R. 404.705, which is as follows:

"Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or lump-sum death payment under section 202 of the act, and such individual has been unexplainedly absent from his residence and unheard of for a period of seven years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died."

The evidence shows that Plaintiff's husband has been absent from his residence since 1957 and that he has not been heard of since 1964. The right of Plaintiff and her children to Social Security benefits hinges on the determination of the death of Plaintiff's husband, and this determination in turn hinges on the interpretation and application of 20 C.F.R. 404.705. The most

recent decision of an Administrative Law Judge (Tr. 6–8) dated November 6, 1973, adopts the statement of the law set forth in the Hearing Examiner's Decision dated August 21, 1971 (Tr. 119–127). That Hearing Examiner considered the presumption of death in his evaluation of the evidence (Tr. 124–125). His interpretation and application of the regulation is as follows:

"The hearing examiner is convincingly persuaded that the record in this case contains all the available evidence and facts surrounding the wage earner's disappearance and absence. In the absence of peril, danger, or violence which may have resulted in death, and in the absence of convincing facts or credible evidence which would establish that the wage earner had suffered foul play or death, the hearing examiner is compelled to conclude that death is not established by a fair preponderance of the credible evidence of record."

This standard of interpretation of 20 C.F.R. 404.705 is clearly not in line with the case law concerning the regulation or even the terms of the regulation itself. It is overly strict. There are several leading cases concerning 20 C.F.R. 404.705 which should be considered when the application of the regulation becomes an issue in a case.

The earliest of the leading cases is *Secretary of Health, Education and Welfare v. Meza,* 368 F.2d 389 (Ninth Cir. 1966). This court noted that 20 C.F.R. 404.705 read literally seems to say that the presumption of death never arises unless it is shown that the missing person's absence is unexplained. The court felt that this placed the impossible burden on a claimant of showing a negative. The court felt that in many cases there would be an explanation for the disappearance, such as poverty or family problems, and that a claimant in such circumstances would never be able to use the presumption of death. Therefore, the court formulated the following rule:

". . . when the facts show that a person has been absent from his residence and unheard of for a period of seven years, a presumption arises that he is dead. Such a presumption is based upon the fact that people do not ordinarily disappear for no apparent reason and sever a long established pattern of living and all contacts with family and friends. The presumption can then be dissipated in two ways. One would be by presenting evidence that the missing person is alive. This is the kind of 'evidence to the contrary' referred to in the regulation . . The other showing would be by proof of facts that rationally explain the anomaly of the disappearance in a manner consistent with continued life. If evidence of such facts is presented, it is for the Secretary, not the courts, to decide whether to credit the proof, and if it be credited, whether, in the light of the evidence, to draw the permissible inference that the missing person is alive . . .".

*Gardner v. Wilcox,* 370 F.2d 492 (Ninth Cir. 1966) was decided by the same court in the same year. This case followed the *Meza* case, *supra,* and did not purport to change its rule. This court was chiefly concerned with the role of the hearing examiner and held that:

"Although the Secretary has come forward with an explanation it still remains for the hearing examiner to choose between the alternative probabilities of life or death in the light of all the known facts. The balancing of probabilities and likelihoods is his essential fact-finding function. * * * Consideration must be given, among other factors, to the absentee's age and health, the presence or lack of stability in character, the extent and strength of family ties . . . ."

"We would agree with the Secretary that when, upon such consideration, a determination is made that an explanation exists, and further that in the light of such explanation life is more probable than death, it is not for the courts to substitute their judgment . . . ."

The Court remanded the case for further proceedings because the Hearing Examiner whose decision had been affirmed by the Secretary had felt that any explanation for the disappearance would prevent the pre-

sumption of death from operating. Hence the ruling that the likelihood of life has to be more probable than the likelihood of death.

*Blew v. Richardson,* 484 F.2d 889 (Seventh Cir. 1973) is the most thorough of the cases which have considered the interpretation of 20 C.F.R. 404.705. This court was chiefly concerned with reversing a district court decision, *Blew v. Richardson,* 344 F.Supp. 183 (S.D.Ill.1972), which had held that evidence of events which had occurred prior to the departure of the missing person was inadmissible as proof of facts which explain the disappearance. The Circuit Court firmly stated the principle that evidence of events occurring prior to disappearance is admissible to explain the disappearance and rebut the presumption of death.

A late leading case is *Aubrey v. Richardson,* 462 F.2d 782 (Third Cir. 1972). This court follows the rules established in *Gardner v. Wilcox, supra,* and *Secretary of Health, Education and Welfare v. Meza, supra,* and stated as its rule:

> "The presumption (of death) is not irrebuttable. As the court noted in *Gardner v. Wilcox, supra,* 370 F.2d at 494, once the presumption is established, '[t]he burden of explanation then shifts to the Secretary, and the presumption can be dissipated "by proof of facts that rationally explain the anomaly of the disappearance in a manner consistent with continued life." ' "

This standard clearly requires more from the Secretary than mere conjecture as to the possible explanation for a wage earner's disappearance. *Meza, supra,* 368 F.2d at 393. When the Secretary chooses to infer from a mass of conflicting facts surrounding an insured's disappearance an explanation therefor, he must support the conclusion 'by proof of facts' which do—not merely may—'rationally explain the anomaly of the disappearance in a manner consistent with continued life.' . . . ."

This holding is consistent with the prior holdings in *Meza, supra,* and *Gardner v. Wilcox, supra,* and should be so construed since the court relied on those cases in reaching its decision. This ruling is simply a refinement of the previously announced decisions. The principle that a seven years' absence gives rise to a presumption of death which can be rebutted either by proof of continued life or by proof of facts which rationally explains the anomaly of the disappearance in a manner consistent with continued life was announced in the *Meza* case, *supra.* In *Gardner v. Wilcox, supra,* the court held that if the decision was that the missing wage earner was still alive, this conclusion has to be more probable, in the light of all the evidence, than the conclusion that he was dead. Finally, the court in *Aubrey v. Richardson,*[1] *supra,* further refined the principle in announcing that if the Secretary chooses to conclude that the wage earner is still alive, he must present proof of facts which do—not merely may—ration-

1. There is in *Aubrey v. Richardson, supra,* a statement which seems to be at odds with the prior decisions. The court stated:

> "The Secretary contends that if he believes that there is a cogent explanation for the disappearance consistent with continued life, he can properly refuse to apply the presumption. Thus, in the Secretary's view, no affirmative evidence that the insured is alive is necessary. We disagree."

There are two ideas expressed by the court in this statement. The first is that the court disagrees with the Secretary's contention that he can refuse to apply the presumption of death if there is a rational explanation for the disappearance. The prior cases hold that the presumption arises after a seven years' absence

and that it is then the Secretary's obligation to rebut the presumption through proof of facts. Thus, this idea is consistent with the prior cases. The second idea is that the court feels that affirmative evidence that the accused is still alive is necessary. This idea is contrary to both the wording of the regulation and the case law. It is clear that the presumption of death may be rebutted either by evidence of continued life or by proof of facts which rationally explain the anomaly of the disappearance. Thus, no affirmative evidence that the insured is alive is necessary if there are facts which explain the disappearance and which indicate that the insured is more probably alive than dead.

ally explain the anomaly of the disappearance in a manner consistent with continued life.

Other recent United States Court of Appeals cases which have dealt with the application of 20 C.F.R. 404.705 are *Miller v. Richardson,* 457 F.2d 378 (Third Cir. 1972), *Dowell v. Gardner,* 386 F.2d 809 (Sixth Cir. 1967) and *Christen v. Secretary of Health, Education & Welfare,* 439 F.2d 715 (Ninth Cir. 1971).[2] These cases turn on their own particular facts, and do not contain discussions of the law.

▮ As shown above the Administrative Law Judge has incorrectly construed and applied 20 C.F.R. 404.705 and has utilized legal requirements herein under said regulation which are not prescribed in said regulation.

The case should be remanded for further proceedings in which the correct rule of law under 20 C.F.R. 404.705 should be applied to the facts by the Administrative Law Judge.

It is so ordered this 26th day of September, 1974.

### ON MOTION TO RECONSIDER

Plaintiff has filed a Motion to Reconsider which is treated by the Court as a Motion to reopen and judicially review after remand an adverse decision of the Secretary of Health, Education and Welfare on her application for mother's insurance benefits and child's insurance benefits. Said benefits are payable in certain circumstances under provisions of the Social Security Act. Plaintiff's claim is made on the wage records of Oren Beum, her former husband. The evidence in the case shows that Oren Beum left his home in April 1957 and Plaintiff has not seen or heard from him since then. Oren Beum is known to have been alive as late as 1964 but is not known to have been alive since then. Plaintiff's entitlement to benefits turns on a determination of the death of Oren Beum. For purposes of the Social Security Act this determination is to be made under the provisions of 20 C.F.R. § 404.705 which reads as follows:

> "Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit or a lump-sum death payment under section 202 of the act, and such individual has been unexplainedly absent from his residence and unheard of for a period of seven years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died."

▮ In previous proceedings the Court after considering Briefs filed herein by the parties determined that the Secretary had followed an incorrect legal standard in the application of 20 C.F.R. § 404.705 to the facts of this case. In those proceedings the Administrative Law Judge whose decision became the Secretary's final disposition of the case when adopted by the Appeals Council concluded that:

> ". . . in the absence of peril, danger, or violence which may have resulted in death, and in the absence of convincing facts or credible evidence which would establish that the wage earner had suffered foul play or death, the Administrative Law Judge is compelled to conclude

---

**2.** *Christen v. Secretary of Health, Education & Welfare, supra,* is a brief per curiam decision which relies on *Meza, supra,* and *Gardner v. Wilcox, supra,* but which announces a rule:

> "While perhaps evidence of flight by a deserting husband would entitle the Secretary to adopt a rule of thumb for a while to delay the start of the running of the seven year period for the presumption of 20 C.F.R. 404.705, we cannot go along with the Department's apparent view that one achieves immortality by known flight."

This seems to abandon the previously announced rules of the *Meza* and *Wilcox, supra,* cases. However, as the court went on to state:

> "Here by the time the decision cleared the Secretary's office for the second time, Christen had disappeared for a period of eleven and a half years. By that time he should have been presumed dead on the facts here."

it appears that the case turned on a specific set of unreported circumstances and the court did not intend to abandon its previously announced rules.

that death is not established by a fair preponderance of the credible evidence of record."

This construction of 20 C.F.R. § 404.705 was clearly erroneous and the Court described the correct legal standard which is as follows: When a person has been absent from his residence and unheard of for a period of seven years a presumption arises that he is dead. The presumption can be dissipated in two ways. The first is by presenting evidence that the missing person is alive. The other is by proof of facts which rationally explain the anomaly of the disappearance in a manner consistent with continued life. *Secretary of Health, Education and Welfare v. Meza,* 368 F.2d 389 (Ninth Cir. 1966). If the Secretary comes forward with an explanation of the disappearance it still remains for the Administrative Law Judge to choose between the alternative probabilities of life or death. This is essentially a question of fact. Consideration should be given to the absentee's age, health, stability of character, and strength of family ties. *Gardner v. Wilcox,* 370 F.2d 492 (Ninth Cir. 1966). When the Secretary chooses to infer from a mass of conflicting facts surrounding an insured's disappearance an explanation therefor, he must support the conclusion by proof of facts which do—not merely may—rationally explain the anomaly of the wage earner's disappearance in a manner consistent with continued life. *Aubrey v. Richardson,* 462 F.2d 782 (Third Cir. 1972).

 This Court's review of the Secretary's decision in this case is conducted pursuant to 42 U.S.C. § 405(g) which provides that the Secretary's decision as to any question of fact must be affirmed if supported by substantial evidence. Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In conducting its judicial review the Court must examine the facts contained in the administrative record, evaluate the conflicts and make a determination therefrom whether the facts support the several elements which make

up the ultimate administrative decision. *Nickol v. United States,* 501 F.2d 1389 (Tenth Cir. 1974); *Heber Valley Milk Company v. Butz,* 503 F.2d 96 (Tenth Cir. 1974). In this case the only issue is whether the facts advanced by the Secretary to explain the disappearance are such as a reasonable mind might accept as adequate to explain the disappearance of the wage earner in a manner consistent with continued life.

On remand the Administrative Law Judge determined that the seven year presumption of death applied and that Plaintiff was entitled to benefits as claimed. (Tr. 156–159). However, the Appeals Council reversed the Administrative Law Judge and determined that there was a rational explanation for the disappearance of the wage earner. The Appeals Council felt that the wage earner's disappearance was explained by facts showing that the insured was unable to cope with his children; that he was unable to pay hospital bills for an expected child; and that a warrant for his arrest had been issued.

The evidence in the case shows that Plaintiff married Oren Beum in 1953 and they lived together until April 1957 (Tr. 42). At the time of the wage earner's disappearance Plaintiff had three children and was expecting another (Tr. 42, 63). The wage earner worked at a variety of unskilled jobs. He would hold one job for a few months, quit and be out of work for a while, and then find another job (Tr. 43, 51). The wage earner was a heavy drinker (Tr. 44). He made little effort to see members of his family (Tr. 50). He was somewhat indifferent to his own children (Tr. 52, 54). He was worried about being able to pay the costs of another child (Tr. 53). He was being hounded for the payment of bills (Tr. 53). The County Attorney was holding several bogus checks that he had written (Tr. 57, 58).

The wage earner's father died in 1962 and efforts to locate him to settle his father's estate were unsuccessful (Tr. 54). The wage earner's Social Security records show that he worked in 1960. He visited

his sister twelve or thirteen years prior to May, 1972 (Tr. 47). And he called his stepmother one and one half to two years after his father's death in 1962 (Tr. 115).

Upon consideration of all the facts of the case the Court finds and concludes that the decision of the Appeals Council that the record reveals a rational explanation for the wage earner's disappearance which is consistent with continued life is supported by substantial evidence. The wage earner did not have close family ties. He did not feel close to his own children. He drank heavily. He was in debt and was being hounded by his creditors. A child was expected and he did not have the means to pay for it. The County Attorney was holding several bogus checks he had written. These facts establish a strong motive for the wage earner to abandon his family. The facts prove that he did intentionally abandon his family and that he was not killed at the time of his disappearance. He is known to have been alive as late as 1964. This was seven years after he left the Plaintiff. A reasonable mind might well conclude, as did the Appeals Council, that the wage earner simply abandoned his family to avoid his responsibility and has since then established a new identity elsewhere. Therefore, the Motion to Reopen is granted, the case in this Court is reopened and upon review of the record and a consideration of the Briefs of the parties, the Court concludes that the Secretary's decision should be affirmed. A separate Judgment based on the foregoing will be entered this date.