**Louis D. EVANS, o/b/o Genevieve A. Young**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

No. CIV 75–3003.

United States District Court, D. South Dakota.

Feb. 25, 1976.

William F. Day, Jr., Winner, S. D., for plaintiff.

William F. Clayton, U. S. Atty., Sioux Falls, S. D., for defendant.

## MEMORANDUM OPINION

BOGUE, District Judge.

This action was brought by Louis D. Evans on behalf of Genevieve A. Young under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff's complaint, seeking judicial review of a final decision of the Secretary of Health, Education and Welfare disallowing plaintiff's claim for benefits, properly invokes the jurisdiction of this Court. *Brinker v. Weinberger,* 522 F.2d 13 (8th Cir. 1975). Plaintiff Evans initially filed with the Secretary on January 8, 1973 a claim for Child's Insurance Benefits under 42 U.S.C. § 402(d)(1) on behalf of Genevieve A. Young, his minor stepgranddaughter. The claim states that Genevieve is entitled to benefits because her mother, Mona Young, Louis' stepdaughter, died on October 15, 1964, and her father, Walter H. Young, should be presumed dead since he has been absent and unheard of for more than seven years. Plaintiff has exhausted administrative remedies including a hearing and denial of claim before an administrative law judge and an adverse decision from the Appeals Council, thus, the decision of the Secretary denying benefits to plaintiff is administratively final. *Celebrezze v. Bolas,* 316 F.2d 498 (8th Cir. 1963). Plaintiff and defendant have cross-moved this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. These pending motions present this Court with two issues for determination: (1) Did the conclusion reached by the A.L.J. have a reasonable basis in the law, and (2) Is there substantial evidence in the record as a whole to support the Secretary's conclusion that Genevieve's father, Walter H. Young, could not be presumed dead under 20 C.F.R. § 404.705.

## SCOPE OF JUDICIAL REVIEW

 The fact findings made by the A.L.J. must be sustained by this Court if they are supported by substantial evidence based on the record as a whole. Social Security Act § 205(g), 42 U.S.C. § 405(g); *Brasher v. Celebrezze,* 304 F.2d 413, 414 (8th Cir. 1965). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Yawitz v. Weinberger,* 498 F.2d 956, 957 (8th Cir. 1974). In making this inquiry, this Court should neither consider a claim *de novo* nor abdicate its duty to scrutinize the record as a whole to determine whether the conclusion reached has a reasonable basis in law. *Yawitz v. Weinberger, supra; Celebrezze v. Bolas,* 316 F.2d 498, 501 (8th Cir. 1963).

## FACTS

The administrative record, which includes the March 20, 1974 hearing transcript and various exhibits, contains the following established undisputed facts relied upon by the Secretary in deciding this case (Tr. 7). Genevieve A. Young was born on June 24, 1958 in Winner, South Dakota to Walter H. Young and

Mona S. Kilbourn Young who were married prior to 1958 (Tr. 72). Following a separation from Walter sometime prior to 1964, Mona and Genevieve returned to Mosher, South Dakota and stayed at the Evans home with Plaintiff Louis D. Evans, who is Mona's stepfather, and plaintiff's wife Mildred Evans, who is Mona's mother. On January 20, 1964, Walter wrote a letter from New Jersey to Mona and Genevieve asking them to come live with him and stating that he had a paying job as a magazine salesman and had conquered his drinking problem (Tr. 79, 80, 81). In the summer of 1964, Walter came to the Evans home in an attempt to reconcile his marriage and persuade Mona and Genevieve to live as a family with him again (Tr. 32). Walter's attempt was unsuccessful and he left the Evans home and was never heard from again (Tr. 32–33). October 15, 1964, while Mona was driving Genevieve home from school they were involved in an auto accident (Tr. 105). Mona died the same day from injuries sustained in the accident and Genevieve received injuries from which she has since recovered (Tr. 84, 105–106). Since Mona's death, plaintiff and his wife have been the sole support for Genevieve and have provided all her medical care, food, clothing and other necessities and even if this claim is not successful they state that they will continue to do so (Tr. 43). Mr. and Mrs. Evans also provide for their dependent son Harley (Tr. 60). The elderly Evans couple operate a farm and their income has averaged well under $4,000.00 per year since 1964 (Tr. 43, 71). Following Mona's accident the Evanses attempted unsuccessfully to locate Walter and inform him of his wife's death (Tr. 33). Mrs. Evans' first letter was sent to the New Jersey address on Walter's last letter to Mona and that letter was returned undelivered (Tr. 33). Mrs. Evans' second letter was certified and sent to the address of Walter's employer in Allentown, Pennsylvania and that letter was, also returned undelivered (Tr. 82–83). The Evanses asked all their relatives and friends if they had seen or heard from Walter since 1964 but no one had (Tr.

38). One relative, Maxine Cambell, Walter Young's daughter from his first marriage, spent $600.00 in an unsuccessful attempt to locate him (Tr. 38). The Social Security Administration has made a complete and continuing investigation of their records and have discovered no address or employment for Walter since 1964 (Tr. 22, 71, 72). Mrs. Evans checked with Walter's former employer Globe Reader Service, Inc. but they also had not seen or heard from him for years (Tr. 48). Approximately one year after Walter's disappearance an agent of the Internal Revenue Service came to the Evans home and stated that the I.R.S. was attempting to locate him. Apparently even the I.R.S. has been unable to locate Walter (Tr. 47). The Evanses have no reason to believe that Walter ever was in trouble with the law or wanted by the law (Tr. 41–42). There were no problems between Walter and the Evans family, their relationship was always good (Tr. 41, 42), and Walter affectionately called Mrs. Evans, "mom" (Tr. 49). Walter's right leg was amputated above the knee as a result of a childhood accident but he otherwise was apparently in good health in 1964 (Tr. 30). Walter always displayed strong feelings of care and affection for his daughter Genevieve (Tr. 39). He desired that his daughter Genevieve and wife Mona join him and live together with him as a family (Tr. 80). During his separation he sent money to them (Tr. 81), visited them (Tr. 32), and sent boxes of clothing to them (Tr. 83). In response to questions by the A.L.J. Genevieve stated that since 1964 she has not received any letters or birthday presents or anything else from her father (Tr. 46).

## APPLICATION OF LAW

Plaintiff maintains that the A.L.J. did not apply the law correctly to the facts in this case. Construing and applying 20 C.F.R. § 404.705, the A.L.J. stated plaintiff's burden of proof as follows:

The claimant, by his counsel, alleges that there is a presumption that Wal-

ter Young is dead by reason of his absence and being unheard of for seven years. The burden of proof in this case is on claimant. In order to meet this burden, claimant must show by *clear and convincing* evidence that Walter Young's absence from his residence from January 8, 1966 until the claimants application on behalf of Genevieve seven years later, was unexplained that he had been unheard of during that period and there was *no evidence to the contrary.* (Tr. 8). (Emphasis added.)

Plaintiff attacks this application of § 404.705 on two grounds. First, plaintiff contends that the "clear and convincing" measure of proof is not correct. This Court agrees. 20 C.F.R. § 404.705 does not change the established rule and place upon the claimant a "clear and convincing" standard of proof. On the contrary, the A.L.J. may receive and consider hearsay testimony, and in a proper case such testimony may even amount to substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Miller v. Richardson,* 321 F.Supp. 157 (D.C.Pa. 1970), *aff'd* 457 F.2d 378 (3rd Cir. 1972); 6 A.L.R.Fed. 76–133. Secondly, plaintiff contends that the A.L.J., in preventing the burden of going forward with the evidence from shifting to the Secretary upon proof that Walter H. Young had been unexplainedly absent and unheard of for seven years, failed to give plaintiff the benefit of the presumption granted in 20 C.F.R. § 404.705. Plaintiff charges that the A.L.J.'s ruling, "that only when no evidence to the contrary" exists may a claimant be deemed to have met the burden of proof and therefore granted the benefit of the § 404.705 presumption, places an impossible task on a claimant who is in need of and entitled to Social Security benefits. The Secretary contends that a strict standard of proof is necessary to prevent an award of benefits for desertion of family obligations rather than for death.

What is really at issue here is a fact of death which due to circumstances is not provable with the degree of certainty that other facts are; otherwise there would be no need for the Secretary to provide for a presumption in § 404.-705. This presumption arises out of a perceived need for providing a means for settling the affairs of individuals with some finality. When a length of time elapses which the law regards as reasonable, and seven years is surely that in this age of extensive record keeping and rapid communication, it is a recognized principle that from certain circumstances a presumption may be raised to take the place of a positively known fact. Such a presumption is based upon common human experience that people do not ordinarily disappear for no apparent reason and sever long-established patterns of living and all contacts with family and friends. 20 C.F.R. § 404.705 provides in pertinent part:

> Whenever it is necessary to determine the death of an individual in order to determine the right of another to a monthly benefit . . . under section 202 of the act [42 U.S.C.A. § 402] and such individual has been unexplainedly absent from his residence and unheard of for a period of seven years, the Administration, upon satisfactory establishment of such facts and in the absence of any evidence to the contrary, will presume that such individual has died.

Although interpretation of §· 404.705 is apparently an issue of first impression in this Circuit, other circuits provide guidance to its proper application.

In *Aubrey v. Richardson,* 462 F.2d 782, 784 (3rd Cir. 1972), the Court was presented with a ruling of the Secretary that if he believes that there is a cogent explanation for disappearance consistent with continued life, he can properly refuse to apply the presumption. Thus, in the Secretary's view in that case, as in the present case, no affirmative evidence that the insured is alive is necessary to defeat the § 404.705 presumption. The Court disagreed and stated:

> The Appeals Council's rationale virtually creates a presumption of life rath-

er than death. There is nothing in the regulation which requires the claimant to refute every reasonable theory or explanation which may be potentially present or which the Secretary may suggest. As the Ninth Circuit has noted, such an interpretation would "place an impossible burden of showing a negative upon an applicant . . . ." *Secretary of Health, Education and Welfare v. Meza,* 368 F.2d 389, 392–393 (9th Cir. 1966). Thus, the *Meza* court reasoned that "the most that the applicant can be expected to do is to show . . . that the applicant has no explanation." The Court went on to fashion the following rule: "When the facts show that a person has been absent from his residence and unheard of for a period of seven years, a presumption arises that he is dead." 368 F.2d at 392. *See also Gardner v. Wilcox,* 370 F.2d 492, 494 (9th Cir. 1966); *Miller v. Richardson,* 321 F.Supp. 157, 159 (W.D.Pa.1970). 457 F.2d 378 (3rd Cir. 1972).

Other courts have agreed with the *Meza* rule. *See Blew v. Richardson,* 484 F.2d 889 (7th Cir. 1973); *Christen v. Secretary of Health, Education and Welfare,* 439 F.2d 715 (9th Cir. 1971); *Miller v. Richardson,* 457 F.2d 378 (3rd Cir. 1972); *See also* 1 A.L.R.Fed. 753–762.

This Court is persuaded to follow the rule adopted by a majority of the courts that have passed on the issue. It is undisputed that plaintiffs established facts at the March 20, 1974 hearing which show that Walter H. Young had been absent from his residence and unheard of for a period of ten years. Thus, the A.L.J. committed error in refusing to allow a § 404.705 presumption of death to arise.

The presumption, of course, is rebuttable. As the Court stated in *Gardner v. Wilcox,* 370 F.2d 492 (9th Cir. 1966), once the presumption is established the burden of explanation shifts to the Secretary, and the presumption can be dissipated by proof of facts that rationally explain the the disappearance. 370 F.2d at 494. *cf. Miller v. Richardson,* 457 F.2d 378 (3rd Cir. 1972). However, as the Court stated in *Aubrey v. Richardson,* 462 F.2d 782 (3rd Cir. 1972):

This standard clearly requires more from the Secretary than *mere conjecture* as to possible explanations for the wage earner's disappearance. *Meza, supra,* 368 F.2d at 393. When the Secretary chooses to infer from a mass of conflicting facts surrounding an insured's disappearance an explanation therefor, *he must support that conclusion "by proof of facts" which do—not merely may—rationally explain the anomaly of the disappearance in a manner consistent with continued life."* 462 F.2d at 785. (Emphasis added.)

Then, as the Court stated in *Gardner v. Wilcox,* 370 F.2d 492 (9th Cir. 1966):

Although the Secretary has come forward with an explanation it still remains for the hearing examiner to choose between the alternative probabilities of life or death in the light of all the known facts. The balancing of probabilities and likelihoods is his essential fact-finding function. 370 F.2d at 494.

At this point in the Court's inquiry the related questions remaining are (1) whether on the record as a whole the Secretary by proof of facts rationally explained Walter H. Young's disappearance in a manner consistent with continued life and (2) whether the conclusion of the A.L.J. that Walter H. young is alive is supported by substantial evidence.

### REVIEW OF THE RECORD

■ Upon careful review of the entire record in this case it is clear that the Secretary's conclusion is not supported by substantial evidence. The A.L.J. stated in his written decision that he essentially relied upon four facts in reaching his conclusion. These facts, however, simply do not lead rationally to the conclusion of continued life and therefore do not overcome the § 404.705 presumption of death. The first fact relied upon by the A.L.J. was that Walter had only visited his family once during the separa-

tion. The A.L.J. concluded, therefrom, that he had little interest in his family. The A.L.J., however, chose to completely ignore the following facts: Walter always displayed strong feelings of care and affection for his daughter (Tr. 39), and during the separation period he wrote to his family (Tr. 79), sent them money (Tr. 81), and clothing (Tr. 83), and in his letter of January 20, 1964 he expressed a genuine desire to be reunited with his wife and daughter and to live together with them as a family again (Tr. 79). These undisputed facts established on the record certainly do not rationally lead to the conclusion that Walter went on living but suddenly and permanently severed all contact with his family. Faced with a similar situation where the A.L.J. ignored evidence favorable to the claimant, the Eighth Circuit Court of Appeals in *Yawitz v. Weinberger*, 498 F.2d 956 (8th Cir. 1974) held that:

> If . . . reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, the courts are . . . bound to decide against the Secretary. 498 F.2d at 960.

The second fact relied upon was that Walter was not living with his family in 1964 but was working as a traveling magazine salesman in Pennsylvania. The A.L.J. stated:

> It is *possible* to accept as a known fact that employment in this type of work *entails constant moving* from town to town. *Apparently,* Walter Young had established a pattern or life-style not consistent with the assumption of *continued family life* and this life style *is evidence* of an explanation for his absence or failure to contact his daughter (Tr. 9). (Emphasis added).

This finding is patently erroneous. As discussed above, the facts relied upon must explain the disappearance in a manner consistent with continued life, not inconsistent with continued family life. Here, however, there are absolutely no facts on the record from which the A.L.J. could have inferred that Walter's job entailed constant moving from town to town, and even if that fact were in evidence, it is pure conjecture to generally assume that a traveling salesman's employment life-style is not consistent with continued family life. What is apparent or possible is too frail a reed to base an ultimate conclusion upon. *Aubrey, supra* at 785. The third fact stated by the A.L.J. in support of his conclusion is that Walter "had financial difficulties and would not be able to carry the burden of supporting a daughter" (Tr. 9). The evidence of Walter's financial condition, standing alone, does not automatically lead to the conclusion that he abandoned his daughter Genevieve. Again the A.L.J. has ignored important evidence: Walter was employed, sent money and clothes to his family, had an automobile, was planning to send money home to put in savings so that Mona and Genevieve could soon come to live with him, and had enough money to travel round trip from Pennsylvania to visit his family. The last fact relied upon was the evidence that about a year after Walter's mysterious disappearance the Internal Revenue Service sent an agent to the Evans' house. From that fact the A.L.J. concluded that such I.R.S. inquiry about Walter "would be reason for him not to divulge his whereabouts" (Tr. 9). Since there is absolutely no evidence that Walter knew that the I.R.S. was looking for him, the conclusion of flight to avoid the I.R.S. does not rationally follow. In fact if the I.R.S. visit was prompted by Walter's failure to file for 1965, without evidence that he had failed to file prior to his disappearance in 1964, it could be rationally argued that his 1965 failure to file, when coupled with the inability of the I.R.S. to locate any information on him for the past eleven years, amounts to evidence of his death.

## CONCLUSION

In the judgment of this Court, the Secretary's conclusion that Walter H. Young is alive is not supported " 'by proof of facts' which do—not merely may—'rationally explain the anomaly of

the disappearance in a manner consistent with continued life.'" *Aubrey, supra* at 785. It is clear from the authorities above that the A.L.J.'s decision not to allow plaintiffs the benefit of the § 404.-705 presumption did not have "a reasonable basis in law." *Celebrezze, supra* at 501; *Meza, supra,* at 392. The A.L.J. erred by placing reliance upon one fact in the record while ignoring overwhelming evidence to the contrary. *Yawitz, supra* at 960. In short, the Secretary's conclusion is not supported by substantial evidence. This Court is therefore compelled to set aside the Secretary's decision as *void ab initio.*

Since the facts in this case are undisputed, this Court finds that there exists no genuine issue as to any material fact and that the plaintiff is entitled to summary judgment as a matter of law. Plaintiff's motion for summary judgment is therefore granted and defendant's motion for summary judgment is denied. On the record taken as a whole it is the judgment of this Court that Genevieve A. Young is entitled to receive Social Security benefits under 42 U.S.C. § 402(d)(1) as claimed.

The above Memorandum Opinion constitutes this Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure.