789 F.2d 1511
 4 Fed.R.Serv.3d 827
 Maria Victoria BRANCA, a minor, and Fernando Javier Branca,
a minor, by their parent, natural guardian, and
next friend, Ana Maria Branca,
Plaintiffs-Appellants,
v.
SECURITY BENEFIT LIFE INSURANCE COMPANY, a Kansas
Corporation, Defendant-Appellee.
 No. 83-5514.
 United States Court of Appeals,
Eleventh Circuit.
 May 23, 1986.
 
 Marc Postelnek, Miami Beach, Fla., for plaintiffs-appellants.
 William J. Gallwey, III, P.A., Shutts & Bowen, Miami, Fla., for defendant-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 ON PETITIONS FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC
 (Opinion Oct. 15, 1985, 11th Cir.1985, 773 F.2d 1158).
 Before HILL, KRAVITCH and SMITH*, Circuit Judges.
 PER CURIAM:
 
 
 1
 The panel opinion is modified by the following amendments. Section C of the opinion, 773 F.2d 1158, 1164 (11th Cir.1985), is stricken in its entirety and the following is substituted in its place.
 
 
 2
 The Brancas contend that the trial judge should have granted them a new trial under Fed.R.Civ.P. 60(b)(6). The rule states in relevant part:
 
 
 3
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 4
 The Brancas assert that an Argentine investigation of Fernando's disappearance resulted in the arrest and indictment of Admiral Emilio Massera, a member of the military junta in power when Fernando disappeared. They wish to issue letters rogatory to Massera under Fed.R.Civ.P. 28(b)(3). Our interpretation of the Brancas' argument is that this and other post-trial developments indicate new evidence is available which warrants a new trial. A motion on such grounds is specifically authorized by, and thus we treat as made under Fed.R.Civ.P. 60(b)(2).
 
 
 5
 [1, 2] To obtain a new trial based on such a motion, the movant must demonstrate that the evidence was discovered after trial, that due diligence was shown, and that the evidence was neither cumulative nor impeaching but actually material and likely to produce a new result. See Johnson Waste Materials v. Marshall, 611 F.2d 593, 597 (5th Cir.1980). We find strong indication from the record that appellants have satisfied the Rule 60(b)(2) requirements. The availability of this evidence obviously surfaced after completion of the trial. Furthermore, the subsequent indictment of Massera for his role in the insured's disappearance demonstrates that new evidence exists and provides adequate support for the assertion that letters rogatory and further discovery will uncover this new evidence and perhaps lead to additional evidence of the fact and date of the insured's death.
 
 
 6
 With respect to the question of due diligence, appellants could not rationally be faulted for not seeking the letters rogotary before trial. The insured disappeared in Argentina in 1977, during a period in which thousands of Argentinians were kidnapped by the military junta ruling under martial law. The junta was in power throughout the course of this trial. The trial had already concluded when the junta admitted to widespread killing of innocent people. Prior to that time, the Argentine government refused to give any information about these disappearances. Thus, up to and throughout the trial there was no reason for appellants to expect the government to admit knowledge of the insured's disappearance. Further, appellants understandably feared that the mere propounding of such letters to the Argentinian government would place them and other members of their family in physical danger. As Massera and others have apparently now been indicted and are in custody for reasons independent of any actions of appellants, the appellants can safely issue the letters and proceed with other forms of discovery.
 
 
 7
 It appears clear to us that if this is not sufficient on the record to hold that appellants are entitled to a new trial on the basis of newly discovered evidence, at least appellants are entitled to an evidentiary hearing before the district court on this issue. The case is remanded for such a hearing.
 
 
 8
 As a postscript to our review of this issue, we note that in circumstances as extreme as those presented in this case other courts have authorized the post-trial issuance of letters of rogatory. United States v. Walus, 616 F.2d 283, 304 (7th Cir.1980). Also, in light of our determination under Rule 60(b)(2), we need not decide or speculate on possible applicability of Rule 60(b)(6).
 
 
 9
 That portion of the opinion entitled Conclusion, 773 F.2d at 1166, is stricken in its entirety and the following is substituted in its place.
 
 
 10
 We agree with the trial judge that the Argentine judicial presumption of death is admissible. However, the Argentine decree is not prima facie evidence of the date of the insured's death, nor is the Florida probate decree. As such the trial judge's finding that the Brancas did not carry their burden of proof is not clearly erroneous. On this issue we affirm. We vacate, however, the district court's denial of appellant's Rule 60(b)(2) motion for new trial, and remand for an evidentiary hearing on this issue. Also, the trial judge erred by not ruling on the Brancas' request for sanctions against Security for Security's failure to comply with an order compelling discovery. On remand, the trial judge should make factual findings and legal conclusions on this issue as well.
 
 
 11
 AFFIRMED in part; REMANDED in part.
 
 
 12
 In all other respects, the Petition for Rehearing is DENIED and no member of this panel nor other judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is DENIED.
 
 
 
 *
 Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation