Debra CARTER, on Behalf of herself and, as next friend, of her daughter Brandi M. Carter Plaintiff,

v.

Otis R. BOWEN, Secretary, Health and Human Services, Defendant.

No. C85–4714A.

United States District Court, N.D. Georgia, Atlanta Division.

March 9, 1987.

Richard L. Roble, Clarkston, Ga., for plaintiff.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendant.

ORDER

MOYE, District Judge.

The above-styled action is before this Court on Magistrate Feldman's recommendation that the decision of the Secretary of Health and Human Services be affirmed. Although the Magistrate adequately addressed all issues raised, the Court will

briefly comment on the issue of whether the Probate Court's Order is a "public record of death" which constitutes "preferred evidence" under 20 C.F.R. § 404.720(b) (1985).

The Court believes that a "public record of death" must be a record of death in fact. The order of the Georgia Probate Court establishing "a legal presumption of death" is not a record of death in fact. Under 20 C.F.R. § 404.720(b), examples of "preferred evidence" of death are a coroner's report, a statement of a funeral director or a statement of the attending physician. All of the above are evidence of death in fact. Under the Secretary's regulations an example of other convincing evidence of death is "the signed statements of two or more persons *with personal knowledge of the death,* giving the place, date, and cause of death." 20 C.F.R. § 404.720(c) (1985) (emphasis added). The Court believes that the evidence of death required by 20 C.F.R. § 404.720 is evidence of death in fact; accordingly, the Probate Court's order establishing a legal presumption of death is not preferred evidence as the term is used in 20 C.F.R. § 404.720.

In sum, the Court ADOPTS the Magistrate's Report and Recommendation. The decision of the Secretary of Health and Human Services is AFFIRMED.

SO ORDERED.