200 F.Supp.2d 1068 (2001)
Rhonnie DUNCAN, substitute party for John Duncan, Plaintiff,
v.
Larry G. MASSANARI,[1] Acting Commissioner of Social Security, Defendant.
No. 4:00CV1175DDN.
United States District Court, E.D. Missouri, Eastern Division.
September 20, 2001.
*1069 *1070 Thomas E. Kalmbach, Kalmbach Law Office, St. Louis, MO, for plaintiff.
Nicholas P. Llewellyn, Office of U.S. Atty., St. Louis, PA, for defendant.

MEMORANDUM
NOCE, United States Magistrate Judge.
This action is before the Court under 42 U.S.C. § 405(g) for judicial review of the final decision of the defendant Commissioner of Social Security denying plaintiff's claim under Title II of the Social Security Act for amounts due in the case of a deceased beneficiary. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). A hearing was held on June 21, 2001.
On September 22, 1997, plaintiff Rhonnie Duncan filed an administrative claim for amounts due from the Social Security Administration (SSA) as the child of deceased wage earner John Duncan. This application was denied after initial consideration and after reconsideration.
At plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ). The ALJ ruled in favor of plaintiff. However, the Appeals Council reversed this decision. The decision of the Appeals Council denying plaintiff's claim became the final decision of the defendant Commissioner which was appealed to this Court.
The ALJ found from the record that John Duncan was born on April 4, 1922; that he was receiving Retirement Insurance Benefits when he disappeared in October 1989 at age 67; that the wage earner's family has not seen or heard from him since his disappearance; that his body has never been found; that there is no preferred evidence of the wage earner's death (20 C.F.R. 404.720); that plaintiff cannot prove that his father is deceased; that on September 16, 1997, the Circuit Court of the City of St. Louis, Missouri, determined that the wage earner was presumed deceased and declared that he was dead; that the presumption of death has not been rebutted (20 C.F.R. § 404.722); and that the presumed date of death of John Duncan is September 16, 1997, the date of the Circuit Court order (20 C.F.R. § 404.721(b)). (Tr. 16). The ALJ held that there is no evidence that the wage earner died in October 1989. "A finding that he died at that time would be entirely speculative." (Tr. 15).
The Appeals Council in effect reversed the decision of the ALJ. In doing so, the Council found that there is no evidence, preferred or otherwise, of the wage earner's death (20 C.F.R. § 404.720); that there is no report or finding by a United States agency or department that the wage earner is presumed deceased (20 C.F.R. § 404.721(a)); that there is no evidence that the wage earner is alive or evidence that explains his absence consistent with life rather than death (20 C.F.R. § 404.722); that he is presumed to have died (20 C.F.R. § 404.721(b)); that the wage earner disappeared on November 18, 1989, and has not been heard from since that date; that no reason for his disappearance has been shown; and that the most likely date of death is November 18, 1989 (20 C.F.R. § 404.721(b) and Social Security Ruling 99-1p). The Council determined *1071 that 20 C.F.R. § 404.721(c) does not apply to this case. (Tr. 8).
The record is without dispute that in January 1982 John Duncan became entitled to disability benefits under the Act. These benefits were converted to old-age retirement insurance benefits under the Act in April 1987 when he became 65. The benefits check for November 1989 was issued on December 1, 1989, and was mailed to the wage earner; however, it was returned to the Treasury. SSA suspended payment of the benefits pending verification of the wage earner's current, correct address. In response to a request for such information, Duncan's wife telephoned SSA and reported that he left home on November 18, 1989, and had not been heard from since. (Tr. 83).
On September 16, 1997, the Circuit Court of the City of St. Louis entered the following order:
The Court hereby finds upon the evidence presented that in October of 1989, Mr. John Duncan disappeared. The court further finds that no one had heard from Mr. Duncan, nor has anyone received any information as to the whereabouts of said John Duncan. This behavior was not typical of Mr. Duncan. Therefore, a presumption exists that Mr. John Duncan is deceased, and the court declares that said John Duncan is dead, and that his heirs at law may act accordingly.
(Tr. 54).
The Appeals Council found that SSA's records show no record of earnings for Duncan after 1981. (Tr. 6). No direct evidence of the date of the wage earner's death, if in fact he has died, has been discovered. The dispute between the parties is over the date of his presumed death.
Generally, the Commissioner's decision is conclusive upon this Court, if it is supported by relevant evidence a reasonable person might accept as adequate to support the decision, i.e., "substantial evidence." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In reviewing the record for substantial evidence, the Court may not make its own findings of fact by reweighing the evidence and substituting its own judgment for that of the Commissioner. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987). The determination of substantial evidence vel non "is more than a search for the existence of substantial evidence supporting the Commissioner's decision," as "`the substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir.1987) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951)). See also Clarke v. Bowen, 843 F.2d 271, 272 (8th Cir.1988). A reviewing court should affirm a decision that is supported by substantial evidence. Baker v. Secretary of Health and Human Services, 955 F.2d 552, 554 (8th Cir.1992).
As set forth above, the historical facts relevant to the date the wage earner is presumed deceased are without substantial dispute. Based upon these facts, the defendant Commissioner upon initial consideration and later through the Appeals Council takes the position that the wage earner's presumed date of death is November 18, 1989, the date he is reported to have disappeared. Plaintiff argues that the proper presumed date of death is September 16, 1997, when he was declared dead by the Circuit Court of the City of St. Louis, Missouri. The dispute involves plaintiff's entitlement or not to the old age benefits unpaid to the wage earner between November 18, 1989, and the actual or presumed date of his death.
The Appeals Council looked first to 20 C.F.R. § 404.720. That regulation expressly applies to claims that are dependent *1072 upon a person, e.g. wage earner, being deceased. 20 C.F.R. § 404.720(a). Of course, plaintiff's claim in this case does not depend upon the wage earner's death, e.g., a claim for survivor's benefits. Plaintiff's claim for unpaid benefits depends upon the wage earner continuing to live, at least past the date the Commissioner stopped paying the benefits. The denial of benefits depends upon the wage earner's death.
Assuming, as does the Appeals Council, that § 404.720 is generally applicable to plaintiff's claim and that evidence of death is important, this regulation describes several types of evidence of death that are "preferred" or the "best evidence": (1) a certified copy of a public record of death or similar document; (2) the statement of a funeral director or of an attending physician or intern of the institution where the death occurred; (3) a finding of death by a federal agency or department; or (4) if the death occurred outside the United States, a State Department report of death or a copy of the public record of death in the foreign country. 20 C.F.R. § 404.720(b). As the Appeals Council noted, the record of plaintiff's claim contains no such evidence.
When the record contains no "preferred" evidence of death under § 404.720(b), § 404.720(c) provides:

Other evidence of death. If you cannot obtain the preferred evidence of a person's death, you will be asked to explain why and to give us other convincing evidence such as: the signed statements of two or more people with personal knowledge of the death, giving the place, date, and cause of death.
20 C.F.R. § 404.720(c). No such evidence is found in plaintiff's claim record either.
Next, the Appeals Council looked to § 404.721, which, as does § 404.720, expressly applies in cases where proof of death is necessary to a claim. Section 404.721 provides that SSA will presume the relevant person has died if the claimant provides certain prescribed evidence. Section 404.721(a) provides:
(a) A certified copy of ... an official report or finding by [a federal agency or department] ... that a missing person is presumed to be dead as set out in Federal law (5 U.S.C. 5565).[2] Unless we have other evidence showing an actual date of death, we will use the date he or she was reported missing as the date of death.
20 C.F.R. § 404.721(a) (italics in original). The Appeals Council did not find § 404.721(a) applicable and went on to apply § 404.721(b).
Under § 404.721(b), SSA will also accept as evidence of presumed death "[s]igned statements by those in a position to know and other records which show that the person has been absent from his or her residence and not been heard from for at least 7 years." 20 C.F.R. § 404.721(b). In this case, plaintiff admits these facts and thus John Duncan can be presumed dead.
Whether the presumption of death benefits plaintiff or the Commissioner in this case, 20 C.F.R. § 404.722 provides that the presumption can be rebutted by evidence that "establishes that the person is still alive or explains the individual's absence in a manner consistent with continued life rather than death." In this case, neither the plaintiff nor the Commissioner provided such evidence. Therefore, under the Commissioner's regulations, John Duncan is presumed deceased.
*1073 Once again, the cardinal issue becomes what date is to be used as Mr. Duncan's presumed date of death. Meriwether v. Apfel, 1999 WL 450899 at *3 (D.Kan.1999), aff'd, 242 F.3d 389, 2000 WL 1869453 (10th Cir.2000). The Appeals Council looked to the second half of § 404.721(b) for the answer. The regulation provides:
If the presumption of death is not rebutted pursuant to § 404.722, we will use as the person's date of death either the date he or she left home, the date ending the 7 year period, or some other date depending upon what the evidence shows is the most likely date of death.
20 C.F.R. § 404.721(b).[3] Thus, the Commissioner's regulations give the Commissioner a choice of three dates.
Plaintiff argues that the judgment of the Circuit Court should be given deference in the determination of the presumed date of death. The Court disagrees. The finding of the Circuit Court was not that John Duncan died on any specific date, but merely that he was presumed dead under Missouri law. Even if the state court had found a specific date of death, the Commissioner was not a party to that action and that court's determination is not binding upon either the Commissioner or this Court. Cruz v. Gardner, 375 F.2d 453, 455-56 (7th Cir.), cert. denied, 389 U.S. 886, 88 S.Ct. 160, 19 L.Ed.2d 184 (1967); Acosta v. United States, 162 Ct.Cl. 631, 320 F.2d 382, 385 n. 2 (1963); Nigro v. Hobby, 120 F.Supp. 16, 19 (D.Neb.1954).
The Commissioner argues that the presumptive date of death should be the date Mr. Duncan disappeared, in late November 1989. Otherwise, he argues, it stands to reason that the wage earner would have contacted SSA to ask for his benefits. Therefore, the Commissioner argues, under 20 C.F.R. § 404.721(b), SSA properly determined that the wage earner died in November 1989, the date of his disappearance, since this is the only evidence that indicates when the wage earner died. The Court concludes, however, that the Commissioner's argument is inconsistent with § 404.721(b) and with the applicable legal principles.
Generally, federal courts defer to the federal administrative agencies in their interpretation of applicable federal regulations. Thorson v. Gemini, Inc., 205 F.3d 370, 379 (8th Cir.) (quoting Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994)), cert. denied, 531 U.S. 871, 121 S.Ct. 172, 148 L.Ed.2d 117 (2000). This deference is not required, however, when the relevant regulation invokes common law principles to determine presumed date of death, as does 20 C.F.R. § 404.721(b), because the application of such a regulation does not depend upon the agency's expertise in a particular field. Brewster v. Sullivan, 972 F.2d 898, 901 (8th Cir.1992); Green v. Shalala, 51 F.3d 96, 100 (7th Cir.1995); Edwards v. Califano, 619 F.2d 865, 869 (10th Cir.1980); cf., Lile v. Univ. of Iowa Hospitals and Clinics, 886 F.2d 157, 160 (8th Cir.1989).
The undisputed factual circumstances of plaintiff's case, under the applicable common law principles, created a rebuttable *1074 presumption that wage earner John Duncan continued to live during the common law seven year period after his disappearance in November 1989. In a case involving the recovery of life insurance benefits, the Supreme Court determined that the trial court correctly instructed the jury thus:
"While death may be presumed from the absence, for seven years, of one not heard from, where news from him, if living, would probably have been had, yet this period of seven years during which the presumption of continued life runs, and at the end of which it is presumed that life ceases, may be shortened by proof of such facts and circumstances connected with the disappearance of the person whose life is the subject of inquiry, and circumstances connected with his habits and customs of life, as, submitted to the test of reason and experience, would show to your satisfaction by a preponderance of the evidence that the person was dead."
Fidelity Mut. Life Ass'n of Phil. v. Mettler, 185 U.S. 308, 316, 22 S.Ct. 662, 46 L.Ed. 922 (1902) (emphasis added).
In Acosta, 320 F.2d at 383, the court dealt with a claim by the wife of a retired naval enlisted man to unpaid retirement pay from the date her husband disappeared on February 10, 1950, to February 7, 1958, the date a California state court ruled that he was legally dead.[4] However, the Veterans Administration ruled that plaintiff's husband may be considered dead as of February 11, 1957, and began paying death benefits to plaintiff as the surviving spouse. The Veterans Administration, however, did not pay the back retirement pay, for which plaintiff brought her claim.
The court in Acosta recognized the previously established common law presumption of life:
[The facts of the case] are sufficient for us to hold that the presumption of continued life has not been overcome. The federal rule, as we understand it, leaves the trier of fact free to rely on that presumption if the known circumstances are not strong enough for an affirmative finding that death occurred at some specific time.
320 F.2d at 384. The court restated the principle:
We ... hold that in pay claims against the Federal Government the normal presumption should be that death occurred at the end of a seven-year period of continued and unexplained absence. This presumption is not conclusive, of course, and either party is free to prove an earlier time of death. But in the absence or insufficiency of such proof the fact-finding tribunal should determine that the individual died at the close of the period.
Id. at 385 (footnote omitted). See also Meriwether, 1999 WL 450899 at *3; MacMurray v. United States, 15 Cl.Ct. 323, 330 (Cl.Ct.1988).
In Acosta, the fact that Acosta had contemplated cutting his family off and the lack of evidence that he encountered a distinct peril or danger persuaded the court that the presumption of continued life had not been rebutted. Acosta, 320 F.2d at 384.
In the case at bar, upon the establishment of the presumption of continued life, the Commissioner carried the burden of producing substantial evidence that indicated that John Duncan died. Cf., Johnson v. Califano, 607 F.2d 1178, 1182-83 (6th Cir.1979). The Commissioner cannot bear this burden merely by showing that Duncan was not heard from during the seven years. Fidelity Mut., 185 U.S. at *1075 317, 22 S.Ct. 662 (absence alone cannot rebut a presumption of life, although it can be considered with other relevant factors); MacMurray, 15 Cl.Ct. at 330; White v. Metropolitan Life Ins. Co., 218 S.W.2d 795, 799 (Mo.Ct.App.1949); Hancock v. The American Life Ins. Co., 62 Mo. 26, 1876 WL 9696 at *4 (Mo.1876). The Commissioner's evidence must be more than mere conjecture; there must be some factual proof that rationally indicates Mr. Duncan died prior to the expiration of the seven year period. Brewster, 972 F.2d at 902. Cf., Evans v. Secretary of Health, Ed. & Welfare, 409 F.Supp. 315, 319 (D.S.D.1976) (case involving a presumption of death regarding a claim for surviving children's benefits).
In Meriwether, 1999 WL 450899, the District Court in Kansas determined that the Commissioner rebutted the presumption of continued life by the following:
The record reveals that Mr. Gore was depressed when he disappeared; his wife of 37 years had suddenly died two years earlier; the evening before he disappeared he faced the decision of how and where he would reside when his sister moved out; and Mr. Gore might have believed that he was a burden to his family. Although plaintiff had been very close to her father, he never contacted her after he disappeared, and after his disappearance no unexplained activity occurred in his checking or credit accounts.
Meriwether v. Apfel, 1999 WL 450899 at *4. No such evidence appears in the record now before the Court.
Evidence that the wage earner manifested a strong inclination to suicide or evidence that the person had no reason to leave home and every reason to remain might be substantial evidence of death at the time of disappearance sufficient to rebut the presumption of continued life; evidence that the person encountered a life-threatening peril during the seven year period might prove death during the period. Tobin v. United States R.R. Ret. Bd., 286 F.2d 480, 482 (6th Cir.1961). No such evidence is found in the instant record.
In this case the Commissioner argues that John Duncan's failure to contact SSA about his suspended payments is substantial evidence that he died in November 1989 when he disappeared. "Otherwise, it stands to reason that the wage earner would have contacted SSA to ask for his benefits." Brief in Support of Answer, filed January 19, 2001, at 5. The Court disagrees. The failure of John Duncan to ask about his benefits, while relevant, is not sufficient by itself to rebut the presumption of continued life. His failure to inquire about his benefits is but one facet of the fact that his whereabouts were unknown during the seven year common law period. An economic status bereft of government check income is not by itself substantial evidence of death. More is required to rebut the presumption of continued life until the end of the seven year common law and SSA regulation period.
For these reasons, the decision of the Appeals Council that the wage earner's most likely date of death is November 18, 1989, is not supported by substantial evidence. The final decision of the Commissioner denying to plaintiff the unpaid retirement benefits due on the account of wage earner John Duncan is reversed. The action is remanded to the Commissioner under Sentence 4 of 42 U.S.C. § 405(g) for the award of the unpaid benefits from the date of disappearance, November 18, 1989, until the expiration of seven years thereafter. A appropriate judgment is issued herewith.
NOTES
[1] Larry G. Massanari became the Acting Commissioner of Social Security on March 29, 2001, and is substituted for Kenneth S. Apfel. Fed.R.Civ.P. 25(d)(1).
[2] This federal statute relates to presumptions of the deaths of federal employees, not nonfederal employees such as John Duncan. McKee v. Sullivan, 903 F.2d 1436, 1440 (11th Cir.1990).
[3] Social Security Ruling (SSR) 99-1p, referenced by the Appeals Council, contains similar provisions relating to termination of entitlement to benefits based upon presumed death. It notes that benefits can be suspended if mail is returned because it is undeliverable. When SSA has suspended benefits because of returned mail and those benefits are in continuous suspense for at least 7 years, "SSA will assume that the reason the beneficiary failed to request payment during that 7 year period is death." The Ruling goes on to state that "[a]bsent evidence to the contrary, death will be presumed to have occurred on the date of disappearance, the date ending the 7 year period, or some other date depending upon what the evidence shows is the most likely date of death."
[4] In Acosta the state court did not determine the actual date of death.